# AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Adam Terrizzi, being duly sworn, hereby depose and state as follows:

## I. INTRODUCTION

1. I have been a Special Agent with the United States Secret Service ("USSS") since May 2021. My current duties include investigating all financial crimes and protecting the President, Vice President, and other dignitaries afforded protection by statute and federal law, as well as heads of state visiting the United States. I have been assigned to the Manchester Resident Office since 2021. I was formerly employed as a police officer and detective with the Manchester, New Hampshire Police Department from 2016 to 2021, where I served as a patrol officer for four years, and then one year as a detective investigating domestic violence offenses in the city. I graduated from Norwich University in 2007 with a B.S. degree in Business Administration and Management.

2. I have received extensive training in financial fraud investigations at the Federal Law Enforcement Training Center ("FLETC") and at the USSS' James J. Rowley Training Center. During my time as a federal agent, I have investigated numerous cases of economic crimes, including wire fraud, bank fraud, access device fraud, identity theft, counterfeit currency, and others. Currently assigned to the Manchester Resident Office, I conduct financial crime investigations, including violations of 18 U.S.C. §§ 1341 and 1343 (mail and wire fraud). In these investigations, I have conducted or participated in interviews of suspects and witnesses, and researched bank account records and records of wire transfers between banks. Through my training and experience, I have become familiar with various financial schemes such as bank frauds, frauds involving Government programs, and other wire and mail frauds. Further, as a federal agent, I am authorized to execute warrants issued under the authority of the United States.

## II.     PURPOSE OF THE AFFIDAVIT

1. I offer this Affidavit in support of an application for a seizure warrant for $91,000.00 in funds on deposit at JP Morgan Chase Bank ("Chase Bank") account number 831596868 ("Target Account"), registered solely in the name of Ronald Manuel Guzman (DOB: ▆▆▆▆ 1958) ("Guzman"). I believe there is probable cause to show that the $91,000.00 in the Target Account constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1341, and is subject to seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(e),(f), by 18 U.S.C. § 982(b)(1), and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The facts in this affidavit are based on my personal observations, my training and experience, and information obtained from other law enforcement officers, bank investigators, and witnesses. This affidavit is intended to show there is sufficient probable cause for the requested warrant. It does not purport to set forth everything I know about this investigation.

## III.    APPLICABLE STATUTES

3. Title 18 U.S.C. § 1341 provides that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses… for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon…" shall be guilty of mail fraud.

4. The proceeds of mail fraud are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.[1]

---

[1] 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). That statute incorporates the definition of "racketeering activity" set forth in 18 U.S.C. § 1961(1), which includes 18 U.S.C. § 1341 (mail fraud).

5.     Title 18 U.S.C. § 984 provides that fungible property such as cash, monetary instruments in bearer form, or funds in a financial institution, whether or not directly traceable to an offense, may be subject to forfeiture up to one year from the date of the offense.  This section does not limit the ability of the United States to forfeit property that is directly traceable to the offense.  18 U.S.C. § 984(d).

6.     18 U.S.C. § 981(b), which authorizes the seizure of the property subject to forfeiture, requires a showing of probable cause, but does not require a showing that less restrictive means may not be sufficient to secure the funds.

7.     The criminal seizure warrant statute, 21 U.S.C. § 853(f), requires the court to determine that a restraining order, an injunction, or a temporary restraining order as provided by 21 U.S.C. § 853(e), may not be sufficient to assure the property for forfeiture.

8.     However, the Court is entitled to infer from the inherent fungibility and transferability of money in a bank account that a restraining order under section 853(e) would be inadequate.  *United States v. Swenson*, No. 1:13-cr-00091-BLW, 2013 WL 3322632, at *5 (D. Idaho July 1, 2013); *United States v. Wiese*, No. 09-20414, 2012 WL 43369, at *2-3 (E.D. Mich. Jan. 9, 2012); *United States v. Martin*, 460 F.Supp.2d 669, 677 (D. Md. 2006), aff'd 662 F. 3d 301, 304 n.6 (4th Cir. 2011).

9.     Moreover, "[t]here is no requirement under § 853(f) in particular, or in any seizure warrant in general, and the court has located no case to the contrary, that the Judicial Officer issuing the seizure warrants is required explicitly to state that a restraint under § 853(e) may not have sufficiently assured the availability of funds." *Wiese*, 2012 WL 43369, at *2.

IV.     **STATEMENT OF PROBABLE CAUSE**

10.    On November 23, 2022, the Concord Police Department received a call from an M&T Bank employee about one of its elderly customers, Norma Lyman (DOB:        1942). Ms. Lyman had been withdrawing multiple large sums of money to send to an unknown third party.  Lyman had withdrawn a large sum from one of her bank accounts, and told employees that she was purchasing a "compound" in California for her family and friends to use.  She had

3

not made any withdrawals from this account since the 1990s. The bank employee researched the address where Lyman thought she was buying real estate, and found that it was a trailer park. The employee shared this information with Lyman, who became upset. The bank employee reported that Lyman seemed confused and appeared unaware that she was probably being scammed.

11. An Adult Protective Services Worker was assigned to investigate the matter, and Lyman told the worker that she was "sworn to secrecy," and could not talk about the person to whom she was sending large sums of money.

12. Officers from Concord Police Department spoke with M&T Bank employees and learned that on November 7, 2022, Lyman had withdrawn $70,000 from her account and purchased a bank check for the same amount, payable to Ronald Guzman. The bank confirmed that Guzman had deposited the check at Chase Bank. M&T Bank closed Lyman's account when she returned to withdraw another $20,000 in cash because it was apparent someone was exploiting Lyman.

13. On December 20, 2022, Concord detectives interviewed Lyman at her home. She told detectives that she had been nervous and afraid. She admitted mailing large amounts of money to unknown individuals to whom she had spoken on the phone.

14. While detectives were at Lyman's home, the telephone rang several times. After Lyman ended a call, the telephone would ring again. Lyman said that had been happening for months. Lyman said she knew she was being scammed but did not know what to do or how to handle it. Lyman said that she would often just listen and comply with the demands of the people on the telephone because she was scared. The detectives thought that Lyman had memory problems because she would become frustrated when trying to recall things.

15. Lyman provided detectives with a copy of her checkbook. Numerous entries of suspicious transactions had notations such as "Savings Services Inc. Scam-Scam-Scam," "Tech Promotion Inc," "D. Tech Spoil," "Tech Promotions STOP Scam!!," "Upgrade?? STOP," and "STOP Saving Services Inc."

16. The next day, December 21, 2022, Concord officers called to check on Lyman, and when she answered the telephone, she was distraught and said she was afraid. She had been contacted by more people by phone, had gone to the bank, and had money with her. The officers went to her home and learned that she had withdrawn the remainder of her account balance from Merrimack County Savings Bank, in excess of $200,000. According to Lyman, Merrimack County Savings Bank closed her account, just as M&T Bank had. While speaking with Lyman, the officers saw several copies of TD Bank checks on Lyman's couch. Based on the receipts, it appeared that Lyman had made several large cash withdrawals and had written large checks to others.

17. Lyman accompanied the officers to TD Bank to meet the bank manager, who provided the officers with several checks from Lyman's account addressed to various people and businesses. One check for $90,000, dated November 16, 2022, was addressed to "Mr. Ronald Guzman." The back of the check appeared to be endorsed by "Ronald Guzman."

18. Concord detectives obtained a state search warrant for bank records for Ronald Guzman's Chase Bank account, the Target Account. Bank records show that Ronald Manuel Guzman is the only account holder on the Target Account and his address is in Whittier, California. The only apparent source of income for the Target Account is a monthly Social Security deposit of $1,112.

19. The records show that on November 8, 2022, Guzman deposited the $70,000 bank check from Lyman's M&T Bank into the Target Account via Edeposit. One week later, on November 15, 2022, $69,000 was withdrawn from the Target Account to purchase a cashier's check addressed to "ZK Patel." On November 18, 2022, Guzman deposited the $90,000 bank check from Lyman's TD Bank account into the Target Account via Edeposit. On the same day there was a $200 ATM withdrawal from the Target Account. On December 5, 2022, the $1,112 Social Security payment was deposited.

20. Concord Detective Steven Carter told me he spoke with Chase Bank Analyst Athena Moore, who told him that the Target Account had been closed after Chase Bank was

contacted by M&T Bank personnel who suspected the $70,000 bank check was fraudulent. Moore told Det. Carter that over $92,000 was still in the Target Account and could not be released without further verification from Ronald Guzman.  On December 27, 2022, the USSS issued a letter to Chase Bank requesting that the Target Account be frozen pending a seizure warrant.  The funds remain frozen to date. The total amount frozen in the target account is $92,350.22, of which $91,000 belongs to Lyman (consisting of $1,000 that remains from her $70,000 check, plus her entire $90,000 check).  At no time has the target account balance dropped below $91,000, since Guzman deposited Lyman's $90,000 check.

21. After Lyman sent the second, $90,000, check to Guzman, Lyman received no further communication from Guzman, and Lyman has received nothing in exchange for her money.

22. On January 31, 2023, I spoke to Guzman.  He told me that he does not know Lyman and does not do business with anyone from New Hampshire.  Guzman believed that Lyman's checks came from a friend of a business associate.  Guzman has never met the business associate, a "Mr. Scott," in person.  According to Guzman, "Scott" has an Indian or Pakistani accent.  Guzman said he thought the checks were for the purchase of restaurant equipment.

23. I believe the Target Account is a "mule account."  "Mule accounts" are bank accounts used to move illicitly obtained funds from one bank account to another.  Criminal actors often use a network of individuals and bank accounts in furtherance of their illicit activity to shield or disguise the movement of money.  The criminal actors use mule accounts to obscure the true source of the illicitly obtained funds and make it difficult for law enforcement to trace the origins of the illicitly obtained funds.

24. The transfer of funds from Lyman's personal accounts to the personal account of a stranger, which are then immediately sent to a different individual account, appears to be an example of utilizing a mule account to fraudulently transfer money from the victim to the suspects' personal bank accounts.  Guzman deposited the first $70,000 check from Lyman and then sent $69,000 by cashier's check to another individual, consistent with known money mule

activity.  Guzman kept $1000 from Lyman's check before sending it along to the next account.  In my training and experience, criminals will sometimes use telephone communication, as well as the mails, to conduct fraudulent schemes.  Since there are no electronic communications or bank wire records for investigators to obtain it is harder for law enforcement to discover or investigate the crimes.

25.     A restraining order under 21 U.S.C. § 853(e) will not be sufficient to preserve funds in the target account, given the ease with which funds may move out of accounts via wire transfer, electronic funds transfer, or otherwise.  In this account specifically, Guzman quickly sent all but $1000 from Lyman's $70,000 check to a third party.  Other agents have told me that financial institutions cannot guarantee that money restrained, but not seized, will be available for forfeiture at a later time.

## V.     CONCLUSION

26.     There is probable cause to believe that $91,000.00 in funds on deposit in Target Account, Chase Bank account number 831596868, in the name of Ronald Manuel Guzman, are the proceeds of a specified unlawful activity, mail fraud, in violation of 18, U.S.C. § 1341, and are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

/s/ Adam Terrizzi
Adam Terrizzi, Special Agent
United States Secret Service

Subscribed to and sworn before me
on February 8, 2023

/s/ Andrea K. Johnstone
HONORABLE ANDREA K. JOHNSTONE
UNITED STATES MAGISTRATE JUDGE